UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                        CASE NO. 05-CR-80869-7

-vs-                                     PAUL D. BORMAN
                                         UNITED STATES DISTRICT JUDGE

D-7 HAN HUANG,

       Defendant.
_____/

## ORDER (1) DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE AN UNTIMELY APPEAL; AND (2) DENYING AS MOOT DEFENDANT'S MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS

Before the Court are Defendant Han Huang's ("Defendant") July 17, 2008 Motion for Leave to File an Untimely Appeal and Motion to Proceed on Appeal in forma pauperis. (Doc. Nos. 195 & 196). Having considered the entire record, and for the reasons that follow, the Court DENIES Defendant's motion for leave to file, and DENIES AS MOOT Defendant's motion to proceed on appeal in forma pauperis.

On December 18, 2006, the Court sentenced Defendant to six months imprisonment with the Bureau of Prisons as a result of his guilty plea to Count I of the Government's July 12, 2006 Third Superseding Indictment (18 U.S.C. § 371 and 8 U.S.C. § 1324) for his role in an alien smuggling conspiracy. Defendant was represented throughout the criminal proceedings by counsel Peter J. Kelley.

On July 17, 2008, Defendant filed a motion for leave to file an untimely appeal. The Court takes judicial notice that Defendant has completed his sentence for the instant offense on September 7, 2007. According to his pleadings, Defendant is now in administrative custody with

1

immigration officials at the Federal Detention Center in Oakdale, Louisiana. On August 18, 2008, the Court requested that the Government respond to Defendant's motion. The Government filed a Response on August 21, 2008.

In his motion, Defendant states that his counsel, Mr. Kelley, refused his request to file a timely appeal with the United States Court of Appeals for the Sixth Circuit. Defendant contends that his counsel's failure to file an appeal constituted ineffective assistance of counsel pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), and *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Defendant does not state the issue(s) that he believes that his counsel should have raised on appeal.

The Sixth Circuit has recognized that a defendant generally may not raise an ineffective assistance of counsel claim for the first time on direct appeal since there typically has been no opportunity to develop and support a record for the claim. *United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005). Courts prefer that such a defendant raise such a claim in a motion brought under 28 U.S.C. § 2255. *Id*.

However, at the same time, the Sixth Circuit has held the failure of trial counsel to file a requested appeal, regardless of the ultimate merits of the appeal, constitutes *per se* ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). "[A] lawyer who specifically disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Flores-Ortega*, 528 U.S. at 477.

However, the Court does not find reason to depart from the Sixth Circuit's general rule that a defendant should present such ineffective assistance claims in a § 2255 petition. There is

2

no indication from the present record, nor from Defendant's own motion, of the factual bases for his claims.

Therefore, the Court **DENIES** Defendant's motion for leave to file an untimely appeal, and **DENIES AS MOOT** Defendant's motion to proceed on appeal in forma pauperis.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 28, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 28, 2008.

s/Denise Goodine
Case Manager