# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

D-7 HAN HUANG,

    Defendant.
_____/

CASE NO. 05-80869-7

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE AN UNTIMELY APPEAL

Before the Court is Defendant Han Huang's motion to file late appeal as timely due to ineffective assistance of counsel, filed September 12, 2008. (Doc. No. 200). This is Defendant's second motion seeking permission to file a late appeal. This Court previously denied Defendant's motion on August 28, 2008. (Doc. No. 199). For the following reasons, this Court DENIES Defendant's motion for leave to file an untimely appeal.

## I. BACKGROUND

On December 18, 2006, the Court sentenced Defendant to six months imprisonment and two years of supervised release as a result of his guilty plea to Count I of the Government's July 12, 2006 Third Superseding Indictment, 18 U.S.C. § 371 and 8 U.S.C. § 1324, for his role in an alien smuggling conspiracy. Defendant was represented throughout the criminal proceedings by attorney Peter J. Kelley.

On July 17, 2008, Defendant filed his first motion for leave to file an untimely appeal. (Doc. No. 195). In his motion, Defendant asserted that Mr. Kelley did not file an appeal, even though

Defendant instructed him to file a timely, direct appeal with the United States Court of Appeals for the Sixth Circuit. (Mot. ¶ 5). Defendant contended that his counsel's failure to file an appeal constituted ineffective assistance of counsel pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), and *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). (Mot. Br. 2).

On August 18, 2008, the Court asked the Government to respond to Defendant's motion. (Doc. No. 197). The Government responded on August 21, 2008. (Doc. No. 198). In its response, the Government argued that this Court is not authorized to extend the time for filing a notice of appeal beyond the time provided in the Federal Rules of Criminal and Appellate Procedure. (Pl.'s Resp. 2). The Government further argued that Defendant's motion was a habeas petition, brought under 28 U.S.C. § 2255, and was either moot, because Defendant has been released from prison, or untimely, because it was not filed within one year of Defendant's conviction. (Pl.'s Resp. 2-3).

On August 28, 2008, this Court denied Defendant's motion. (Order, Aug. 28, 2008). The Court held that Defendant should have presented his ineffective assistance claim in a § 2255 petition. (Id.) The Court also observed that Defendant did not state the factual basis for his ineffective assistance claim. (Id.)

Defendant filed his second motion to file an untimely appeal on September 12, 2008. (Doc. No. 200). In it, Defendant argues that the Court erred when it denied his motion because: 1) the fact that he completed his sentence does not change his right to assert an ineffective assistance claim; and 2) he is not required to state the factual basis of his ineffective assistance claim. (Mot. 6-7).

**II. ANALYSIS**

The only way a defendant may collaterally attack his conviction, while he is in custody, is by filing a petition for habeas corpus. 28 U.S.C. § 2255; 28 U.S.C. § 2241(c) (3) ("The writ of

habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the Unites States."). In *Maleng v. Cook*, 490 U.S. 488, 490-91 (per curiam), the Supreme Court construed this "statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." The Sixth Circuit has held that a defendant completing his supervised release is in "custody." *United States v. Woods*, No. 97-3866, 1998 WL 228038, at *1 (6th Cir. Apr.29, 1998). Because Defendant is still serving his sentence on supervised release at the time that he filed his motion, he can only challenge the validity of his conviction by means of a motion to vacate his sentence under 28 U.S.C. § 2255. *See Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963) (holding that the custody requirement for habeas corpus is met even though the prisoner was on parole); 28 U.S.C. § 2255 (writ of habeas corpus pertains to those in "custody"). Therefore, this Court considers Defendant's motion as a § 2255 motion, even though it is not labeled as such.

A one-year period of limitation applies to all motions filed under 28 U.S.C. § 2255. In this case, Defendant's one year period to file his § 2255 motion expired on January 3, 2007, one year and ten days after the December 18, 2006, entry of his judgment. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed. In most cases, that period is ten days. . . .")." Having filed his motion on first motion on July 17, 2008 and the instant motion on September 12, 2008, Defendant's motions came more than a year and a half after that deadline had expired, and are untimely under § 2255. Moreover, the fact that Defendant is raising a ineffective assistance claim, based on his lawyer's alleged failure to file an

3

appeal, does not exempt Defendant from the one-year statute of limitations applicable to § 2255 motions. *See e.g.*, *United States v. Simmons*, 2007 WL 1139578, at *1-2 (E.D. Mich. 2007).

**III. CONCLUSION**

For the foregoing reasons, this Court DENIES Defendant's second motion to file an untimely appeal.

SO ORDERED.

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: December 15, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 15, 2008.

                                              s/Denise Goodine
                                              Case Manager